68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Louise BECK, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3426.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1995.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner, Louise Beck, appeals from an initial decision of the Merit Systems Protection Board (MSPB or Board), dated February 10, 1995, in docket number SF0831-950030-I-1. The MSPB affirmed the reconsideration decision of the Office of Personnel Management (OPM), which disallowed petitioner's application for a former spouse survivor annuity under the Civil Service Retirement System (CSRS), 5 U.S.C. Secs. 8331, 8341(b) (1970 ed.). Because neither party filed a petition for review with the Board, the initial decision became final. We affirm the decision of the MSPB, but on one aspect of the case we reach the same result on different grounds.
 
 DISCUSSION
 
 2
 Petitioner and Sam Beck were married in 1950. On August 5, 1974, following his employment by the U.S. Army Corps of Engineers, Mr. Beck applied for a disability retirement annuity under the CSRS. His application indicated that he was not married, and he elected an annuity without survivor benefits.
 
 
 3
 On December 12, 1984, Mr. Beck died, and on April 13, 1985, the petitioner filed an application for a survivor annuity. In the application, she submitted proof that she and Mr. Beck had married May 13, 1950, and that she had not been divorced from him at the time of his death. The OPM denied her application on the ground that at the time of his retirement, Mr. Beck had expressly elected not to provide her a survivor annuity, as he was permitted to do under the law then in effect. The MSPB's finding, upholding this determination, is established by undisputed evidence.
 
 
 4
 In a reconsideration decision, the OPM also advised Mrs. Beck that she was not entitled to an annuity under the provisions of the Civil Service Retirement Spouse Equity Act of 1984, 5 U.S.C. Sec. 8341 note (1988) (Spouse Equity Act), because Mr. Beck had not exercised an election under that act. In adopting this finding, the administrative judge erroneously assumed, as the OPM had also assumed, that the Spouse Equity Act was applicable in Mr. Beck's case. Although the error was harmless, the pertinent section of the Spouse Equity Act applies to "an employee ... who is married to a spouse acquired after retirement." It is undisputed that petitioner was married to Mr. Beck in 1950, twenty-four years before his retirement in 1974. Manifestly, the Spouse Equity Act did not authorize Mr. Beck to apply for the survivor benefits afforded by that statute.
 
 
 5
 Before the MSPB, Mrs. Beck argued that the statutory requirements should be waived, because her husband was uneducated and did not know what he was doing when he made his election to receive retirement pay without survivor benefits. However, the administrative judge found that Mrs. Beck did not present any medical documentation to show that Mr. Beck was mentally incompetent when he elected in 1974 to apply for an annuity without survivor benefits, and that Mrs. Beck's allegation was insufficient to show that Mr. Beck was incapable of making the election. The finding is supported by substantial evidence.
 
 
 6
 Finally, we agree with the administrative judge's conclusion that Mrs. Beck's equitable argument cannot, as a matter of law, be applied to waive the statutory requirements. See Iacono v. Office of Personnel Management, 974 F.2d 1326 (Fed.Cir.1992).
 
 
 7
 For the reasons stated, we affirm the decision of the MSPB that Mrs. Beck has failed to establish that she is entitled to a survivor annuity as the widow of Sam Beck.